UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNETTE GARCIA and GUSTAVO
GARCIA,

        Plaintiffs                                Case No. 8:05-CV-1967-T-23EAJ

v.

JEFFERSON CAPITAL SYSTEMS, LLC,
et al.,

        **Defendants.**
_____/

## ORDER

The **Joint Motion to Quash Subpoenas and/or Motion for Protective Order and Incorporated Memorandum of Law** (Dkt. 23), filed by Defendants Scott Baker and Baker, Schwartz, and Levine, Inc. ("BSL") and non-parties Michael and Adi Bhathena, and Plaintiffs' **Response** (Dkt. 27) are before the court.[1]

As detailed below, the motion to quash is **GRANTED in part** and **DENIED in part**.

**I.**    **Background**

Plaintiffs are suing Defendants under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act, Fla. Stat. Ann. §§ 559.55-.785. (Dkt. 1). Plaintiffs served the Bhathenas, who are non-parties, with subpoenas duces tecum for depositions to take place at the end of June.[2] The subpoenas include the following document requests: "(1) All

---

[1] Defendants Jefferson Capital Systems, LLC and Compucredit Corporation settled with Plaintiffs and were dismissed from the case. (Dkt. 20). The only remaining defendants are BSL and Scott Baker. Non-parties Michael and Adi Bhathena are also represented by Defendants' counsel and join in the motion.

[2] The court stayed the depositions pending its ruling on this motion. (Dkt. 24).

documents referring to or relating to yourself and [third party] Debt Recovery, Inc.; (2) All documents referring to or relating to yourself and [Defendant BSL]." (Dkt. 23 at 14, 18).

The Bhathenas argue that the subpoenas should be quashed pursuant to Rule 45(c), Fed. R. Civ. P., because these requests are overbroad, irrelevant, unnecessary, and pertain to their personal and financial information. (Dkt. 23 at 3-4). The purpose of the depositions and document requests, the Bhathenas assert, is to "conduct a fishing expedition in order to assert additional causes of action against Defendant Baker." (Id. at 6).

In the alternative to the Bhathenas' request that the court quash the subpoenas, Defendants request a protective order under Rule 26(c), Fed. R. Civ. P., because, they submit, the subpoenas are only meant to harass Defendants and Defendants' counsel.[3]  (Dkt. 23 at 9).

Plaintiffs respond that the discovery they seek is limited in scope: they seek documents in the Bhathenas' possession pertaining only to the specific entities of BSL and its predecessor corporation Debt Recovery, Inc. (Dkt. 27 at 9). According to Plaintiffs, they seek to depose the Bhathenas for the purpose of untangling the relationship between the Bhathenas, Debt Recovery, Inc., and BSL, a topic Mr. Baker alluded to during his deposition. (Id. at 3-6).

**I.     Discussion**

    A.     Motion to Quash Pursuant to Rule 45(c), Fed. R. Civ. P.

Rule 45 governs discovery of non-parties by subpoena and provides that a court shall quash or modify a subpoena if it "subjects a person to undue burden." Rule 45(c), Fed. R. Civ. P.  The

---

[3] Michael Bhathena is Defendants' counsel's husband, and Adi Bhathena is Defendant's counsel's father-in-law. (Dkt. 23 at 2). To further confuse matters, Plaintiff's counsel's law partner apparently sued and obtained a judgment against third party Debt Recovery, Inc. in 2005 in an unrelated lawsuit. (Id. at 3).

moving party has the burden to demonstrate good cause for the issuance of an order quashing a subpoena. Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 926 (8th Cir. 1999). Moreover, the quashing of a subpoena is an extraordinary measure; the moving party's claim of undue burden must be based on more than conclusory assertions. Id.; cf. Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) ("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error.").[4] Further, courts give special weight to the burden on non-parties of producing documents to parties involved in the litigation. Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998).

Additionally, although Rule 45 does not include relevance as an enumerated reason for quashing a subpoena, the scope of discovery under Rule 45 is the same as the scope of discovery under Rule 26(b) and Rule 34.[5] Kona Spring Water Distrib., Ltd v. World Triathlon Corp., No. 05-119, slip. op. at 2 (M.D. Fla. April 7, 2006). As such, a court must examine whether a request contained in a subpoena is overly broad or seeks irrelevant information under the same standards set forth in Rule 26(b) and as applied to Rule 34 requests for production. Id.; see also Rule 45(d)(1), Fed. R. Civ. P., advisory committee's note (stating that ". . . the scope of discovery through a

---

[4] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit. See Bonner v. City of Prichard, 661 F. 2d 1206, 1209 (11th Cir. 1981) (en banc)).

[5] Rule 26(b), Fed. R. Civ. P., permits the discovery of any non-privileged material "relevant to the claim or defense of any party," and "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Fed. R. Civ. P. While relevance for the purposes of discovery is defined broadly, the right to discovery is not unlimited and does have "ultimate and necessary boundaries." Hickman v. Taylor, 329 U.S. 495, 507 (1947).

subpoena is the same as that applicable to Rule 34 and other discovery rules.").

In this case, the subpoenas include the following document requests: "(1) All documents referring to or relating to yourself and [third party] Debt Recovery, Inc.; (2) All documents referring to or relating to yourself and [Defendant BSL]." (Dkt. 23 at 14, 18). The Bhathenas argue that compliance with these requests would impose an undue burden on them and point out that the requests are not limited in scope or time. (Dkt. 23 at 4). Missing from the motion, however, is a detailed statement of the undue burden they seek to avoid. The statement that "Adi Bhathena is elderly and fragile and would be adversely affected by the stress of being deposed. . . ." (Id. at 3) is insufficient. See Choice Inc. of Texas v. Graham, 2005 WL 1431689 at * 3 (E.D. La. 2005) (stating that the defendant did not prove undue burden by simply claiming his wife was too ill to testify and providing no additional details about her condition).

Regarding relevancy, the Bhathenas contend that they have no involvement in the instant litigation and that Plaintiffs impermissibly seek discovery in aid of execution of a past judgment and of a possible future judgment. (Dkt. 23 at 6-7). According to Plaintiffs, however, the relationship between the Bhathenas and Defendants is not that simple: at Mr. Baker's deposition he testified that the finances of his businesses and those of the Bhathenas are or were intertwined to some degree. (Dkt. 27 at 3-6). Plaintiffs worry that the Bhathenas and Defendants are engaging in "financial shenanigans involving transfer of assets and possible operation of some kind of corporate shell game." (Id. at 12). They submit that they seek to depose the Bhathenas to "elicit testimony regarding their ownership interests in, dealings with, and positions with" BSL and DRI. (Id. at 10).

Plaintiffs' concerns regarding Defendants' financial transactions appear more related to a

4

prior judgment obtained against DRI than the instant litigation.[6] However, the Bhathenas each attest to a past business relationship with one or both of Defendants. (Dkt. 23 at 5). Therefore, the court will permit Plaintiffs to seek discovery from the Bhathenas related to the corporate structure and governance of Defendant BSL and its predecessor corporation, Debt Recovery, Inc., and the relationship of these corporations to Defendant Baker. This discovery is reasonably calculated to lead to the discovery of admissible evidence. In all other respects, however, the requests are overbroad and unlimited in time or scope and appear to be nothing more than a fishing expedition. To the extent that the requests seek discovery in aid of execution of a judgment that has not yet been entered, this discovery is improper. Although Mr. Baker's deposition testimony may indicate that the non-parties are financially interrelated with Defendants, Plaintiffs' discovery regarding financial matters is overbroad and irrelevant.

   B.  <u>Motion for Protective Order Pursuant to Rule 26(c), Fed. R. Civ. P.</u>

In the alternative to the Bhathenas' request to quash the subpoenas, Defendants move the court to enter a protective order pursuant to Rule 26, Fed. R. Civ. P., to the extent that the discovery Plaintiffs seek includes "personal, financial information belonging to or concerning Defendants." (Dkt. 23 at 9, fn. 1).[7] The court does not need to reach this argument as the motion to quash is

---

[6] Plaintiffs discuss this prior judgment in their Response. (Dkt. 27 at 4). According to Plaintiffs, at approximately the same time the prior judgment was entered against DRI, DRI was "shut down", and BSL was "substituted" in its place. (<u>Id.</u>). Plaintiffs allege that the Bhathenas had loaned money to DRI and that Michael Bhathena "called" his note when the prior judgment against DRI was entered. (<u>Id.</u> at 5).

[7] Although Defendants have limited standing to quash the subpoenas pursuant to Rule 45, they have standing to move for a protective order if the subpoenas seek irrelevant information. <u>See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.</u>, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (holding that a party has standing to challenge a subpoena issued to a non-party if the party alleges a personal right or privilege with respect to the subpoenas, and deeming motion to quash a motion

granted in part and the discovery is limited to relevant information as set forth above, which does not include the Bhathenas' personal financial information.

Accordingly, and upon consideration, it is **ORDERED** and **ADJUDGED**:

(1) The **Joint Motion to Quash Subpoenas and/or Motion for Protective Order and Incorporated Memorandum of Law** (Dkt. 23), filed by Defendants and non-parties Michael and Adi Bhathena is **GRANTED in part**. As detailed above, Plaintiffs are permitted to depose the Bhathenas and to request that they produce documents in their possession concerning the corporate structure and governance of Defendant BSL and its predecessor corporation, Debt Recovery, Inc., and the relationship of these corporations to Defendant Baker. Plaintiffs are not permitted to obtain discovery from the Bhathenas regarding financial matters. The depositions shall occur within 30 days; and

(2) As Plaintiffs' filed a timely response to the motion to quash, Plaintiffs' **Motion for Enlargement of Time** (Dkt. 25) is **DENIED as moot**.

**DONE** and **ORDERED** in Tampa, Florida on this 11th day of August, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

---

for protective order).