UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNETTE GARCIA, et al.,

    Plaintiffs,

v.                                                             CASE NO: 8:05-cv-1967-T-23EAJ

JEFFERSON CAPITAL SYSTEMS, LLC, et al.,

    Defendants.
_____/

## **ORDER**

Annette and Gustavo Garcia ("the plaintiffs") sue Baker, Schwartz, and Levine, Inc. ("BSL") and Scott Baker ("Baker")[1] for alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA") and the Florida Consumer Collection Practices Act, Sections 559.55, *et seq.*, Florida Statutes ("FCCPA"). In response, both BSL and Baker move for summary judgment (Docs. 35 and 36) on all counts of the plaintiffs' complaint. The plaintiffs oppose (Doc. Doc. 38) the entry of summary judgment.

A district court should grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

---

[1] BSL and Baker are the only remaining defendants. Jefferson Capital Systems, LLC, and Compucredit Corporation were voluntarily dismissed on February 28, 2006 (Doc. 20).

entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure; Celotex Corp. V. Catrett, 477 U.S. 317, 324-25 (1986).  In considering a motion for summary judgment, any factual dispute must be resolved against the moving party. Matsushita Elec. Ind. V. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).  Mere unsworn and conclusory allegations are insufficient to support summary judgment. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).  Likewise, "the mere existence of a scintilla of evidence in support of the movant's position will be insufficient."  Anderdon v. Liberty Lobby, Inc., 106 S Ct. 2505, 2512 (1986).

To prevail on a FDCPA claim, a plaintiff must prove that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."  Kaplan v. Assetcare, Inc., 88 F.Supp.2d 1355, 1360-61 (S.D. Fla. 2000).  Like its federal counterpart, the FCCPA includes a list of prohibited collection practices and provides a private cause of action.  Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1124 (11th Cir. 2004).  Disposition of the defendants' summary judgment motion hinges almost exclusively upon whether the defendants contacted the plaintiffs in violation of the FDCPA and FCCPA.

Baker may not be held personally liable for BSL's alleged FDCPA and FCCPA violations simply by virtue of his position as sole shareholder of BSL.  Pettit v. Retreival Masters Creditors Bureau, 211 F.3d 1057, 1059 (7th Cir. 2000) ("Because such individuals do not become 'debt collectors' simply by working for or owning stock in debt collection companies, . . . the Act does not contemplate personal liability for

shareholders or employees of debt collection companies who act on behalf of those companies, except perhaps in limited circumstances where the corporate veil is pierced.")(citing White v. Goodman, 200 F.3d 1016, 1019 (7th Cir. 2000)); Ernst v. Jesse L. Riddle, P.C., 964 F.Supp 213, 216 (M.D. La. 1997) ("[N]o language in the FDCPA would suggest that Congress intended the act to supplant state corporate law which generally limits the liability of a corporation's shareholders, officers, and directors."). The complaint (Doc. 1) alleges no facts (and the plaintiffs offer no argument) to support disregarding BSL's corporateness in this case.

In his sworn declaration, Baker categorically denies telephoning the plaintiffs at any time relevant to the complaint (Doc. 36-2 at ¶ 12) and the plaintiffs offer no contrary evidence. Challenged by Baker's summary judgment motion, the plaintiffs offer no legal or factual basis for Baker's personal liability under either the FDCPA of FCCPA (Doc. 38). In the absence of any contrary evidence or argument by the plaintiffs, Baker's motion for summary judgment on the plaintiffs' FDCPA and FCCPA claims is **GRANTED**.

BSL moves for summary judgment on the plaintiffs' FDCPA and FCCPA claims and argues (Doc. 36 at 2) that the plaintiffs have failed to produce any evidence that BSL contacted the plaintiffs as alleged in the complaint. In support of summary judgment, BSL offers Baker's sworn declaration that BSL never contacted the plaintiffs (Doc. 36-2 at ¶ 11) and voluminous pages of Bell South telephone records for BSL (Docs. 36-3 to 36-22), which purportedly demonstrate the absence of any telephone call (during the time alleged in the complaint) to the plaintiffs's home telephone from BSL's

business telephone.[2]  BSL's evidence is directly challenged by the plaintiffs' affidavit (Doc. 38-3), which avers that each allegation contained in the complaint is "true and correct."  The affidavit further describes (with specificity) the date, time, and substance of several telephone calls received by the plaintiffs from stated agents and employees of BSL (Doc. 38-3).

In considering a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  The parties' irreconcilable versions of events present genuine issues of material fact resolvable only by a jury.  Accordingly, BSL's motion for summary judgment on the plaintiffs' FDCPA and FCCPA claims is **DENIED**.

In sum, Baker's motion for summary judgment (Doc. 35) is **GRANTED** and BSL's motion for summary judgment (Doc. 36) is **DENIED**.  The Clerk is directed to enter judgment in favor of Baker.

ORDERED in Tampa, Florida, on March 16, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] BSL's telephone records are insufficient to support summary judgment in this case.  As a preliminary matter, the plaintiffs' home telephone number is not a part of the record.  Absent any evidence of the plaintiffs' home telephone number, the court cannot evaluate the factual or legal significance of BSL's telephone records.  More importantly, even assuming that the telephone records prove the absence of any telephone call to the plaintiffs' home from BSL's business, nothing in the record establishes that BSL's agents and employees could not have telephoned the plaintiffs from any other telephone (including, for example, a cell phone, a home phone, or a pay phone).