UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNETTE GARCIA, et al.,

    Plaintiffs,

v.                                        CASE NO: 8:05-cv-1967-T-23EAJ

JEFFERSON CAPITAL SYSTEMS, LLC, et al.,

    Defendants.

_____/

**ORDER**

Annette and Gustavo Garcia's ("the plaintiffs") motion for reconsideration (Doc. 46) is **GRANTED** and this court's March 16, 2007, order (Doc. 43) is **VACATED** consistent with this order. The plaintiffs sue Baker, Schwartz, and Levine, Inc. ("BSL") and Scott Baker ("Baker")[1] for alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and the Florida Consumer Collection Practices Act, Sections 559.55, *et seq.*, Florida Statutes ("FCCPA"). In response, both BSL and Baker move for summary judgment (Docs. 35 and 36) on all counts of the plaintiffs' complaint. The plaintiffs oppose (Doc. Doc. 38) summary judgment.

Summary judgment occurs only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is

---

[1]BSL and Baker are the only remaining defendants. Jefferson Capital Systems, LLC, and Compucredit Corporation were voluntarily dismissed on February 28, 2006 (Doc. 20).

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure; Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). Necessarily resolved against the moving party, a factual dispute precludes summary judgment. Matsushita Elec. Ind. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Unsworn and conclusory allegations are insufficient to support summary judgment. Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Likewise, the existence of only a scintilla of evidence in support of the motion is insufficient to merit summary judgment.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

To prevail on a FDCPA claim, a plaintiff must prove that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Kaplan v. Assetcare, Inc., 88 F.Supp.2d 1355, 1360-61 (S.D. Fla. 2000). Like its federal counterpart, the FCCPA includes a list of prohibited collection practices and provides a private cause of action. Cliff v. Payco Gen. Am. Credits, Inc., 363 F.3d 1113, 1124 (11th Cir. 2004). Disposition of the defendants' summary judgment motion hinges almost exclusively upon whether the defendants contacted the plaintiffs in violation of the FDCPA and FCCPA.

In his sworn declaration, Baker categorically denies telephoning the plaintiffs at any pertinent time (Doc. 36-2 at ¶ 12). However, during his deposition, Baker denied telephoning the plaintiffs any time in 2005 but admitted telephoning the plaintiffs in 2004. The complaint seeks relief from Baker for telephone calls to the plaintiffs "during

the year immediately preceding the filing of this action" (Doc. 1 at 3), the year between October, 2004, and October, 2005.  Baker's contradictory evidence on whether he telephoned the plaintiffs during the time alleged in the complaint presents a genuine issue of material fact resolvable only by a jury.  Accordingly, Baker's motion for summary judgment on the plaintiffs' FDCPA and FCCPA claims is **DENIED**.[2]

BSL moves for summary judgment on the plaintiffs' FDCPA and FCCPA claims and argues (Doc. 36 at 2) that the plaintiffs have failed to produce any evidence that BSL contacted the plaintiffs as alleged in the complaint.  In support of summary judgment, BSL offers Baker's sworn declaration that BSL never contacted the plaintiffs (Doc. 36-2 at ¶ 11) and a weighty serving of Bell South telephone records for BSL (Docs. 36-3 to 36-22), which purportedly demonstrate the absence of a telephone call (during the pertinent time) to the plaintiffs's home telephone from BSL's business telephone.[3]  Challenging BSL's evidence, the plaintiffs' affidavit (Doc. 38-3) avers that each allegation contained in the complaint is "true and correct."  The affidavit further

---

[2]To the extent that the plaintiff's sue Baker by virtue of his position as sole shareholder of BSL, Baker avoids personal liability for BSL's alleged FDCPA and FCCPA violations.  Pettit v. Retreival Masters Creditors Bureau, 211 F.3d 1057, 1059 (7th Cir. 2000) ("Because such individuals do not become 'debt collectors' simply by working for or owning stock in debt collection companies, . . . the Act does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies, except perhaps in limited circumstances where the corporate veil is pierced.")(citing White v. Goodman, 200 F.3d 1016, 1019 (7th Cir. 2000)); Ernst v. Jesse L. Riddle, P.C., 964 F.Supp 213, 216 (M.D. La. 1997) ("[N]o language in the FDCPA would suggest that Congress intended the act to supplant state corporate law which generally limits the liability of a corporation's shareholders, officers, and directors.").  The complaint (Doc. 1) alleges no facts (and the plaintiffs offer no argument) to support disregarding BSL's corporateness.

[3]BSL's telephone records insufficiently support summary judgment in this case.  As a preliminary matter, the plaintiffs' home telephone number is not on record.  The absence of evidence of the plaintiffs' home telephone number precludes evaluation of the factual or legal significance of BSL's telephone records.  Even assuming that the telephone records prove the absence of any telephone call to the plaintiffs' home from BSL's business, nothing in the record establishes that BSL's agents and employees could not have telephoned the plaintiffs from another telephone (including, for example, a cell phone, a home phone, or a pay phone).

describes (with specificity) the date, time, and substance of several telephone calls received by the plaintiffs from stated agents and employees of BSL (Doc. 38-3).

In considering a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson, 477 U.S. at 255. The parties' irreconcilable versions of events present genuine issues of material fact resolvable only by a jury. Accordingly, BSL's motion for summary judgment on the plaintiffs' FDCPA and FCCPA claims is **DENIED**.

In sum, BSL's and Baker's motions for summary judgment (Docs. 35, 36) are **DENIED**. The Clerk is directed to **VACATE** this court's March 16, 2007, order (Doc. 43).

ORDERED in Tampa, Florida, on May 9, 2007.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE